THE STATE OF OHIO, APPELLEE, *v.* WHITING, APPELLANT.

[Cite as *State v. Whiting* (1998), 84 Ohio St.3d 215.]

(No. 97–2162—Submitted October 13, 1998—Decided December 30, 1998.)

216

*James D. Bennett*, Miami County First Assistant Prosecuting Attorney, for appellee.

*Sirkin, Pinales, Mezibov & Schwartz, Martin S. Pinales* and *John Feldmeier*, for appellant.

---

COOK, J. We confirm today our earlier pronouncement in *State v. Luck* (1984), 15 Ohio St.3d 150, 15 OBR 296, 472 N.E.2d 1097, that where a defendant moves to dismiss an indictment and presents evidence establishing substantial prejudice resulting from preindictment delay, the state bears the burden of producing evidence of a justifiable reason for the delay. According to the *Luck* burden-shifting analysis, the trial court here erred when it denied defendant's motion to dismiss. Because the evidence presented at the hearing on the motion entitled the defendant to a dismissal of the indictment, the later proceedings in this case do not support a reversal and remand to allow the state another opportunity to submit evidence to the court of a justifiable reason for the fourteen-year delay.

In *Luck*, this court used the test set forth in *United States v. Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, and *United States v. Lovasco* (1977), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, to determine when an indictment should be dismissed due to an unreasonable preindictment delay. *Luck,* 15 Ohio St.3d at 153–154, 157–158, 15 OBR at 299, 302–303, 472 N.E.2d at 1102, 1104–1105. The *Lovasco* court burdened the defendant with establishing actual prejudice from the delay and charged the government with the burden of producing evidence of a justifiable reason for the delay. Accordingly, *Luck* requires first that the defendant produce evidence demonstrating that the delay has caused actual prejudice to his defense. *Luck,* 15 Ohio St.3d at 157–158, 15 OBR at 302–303, 472 N.E.2d at 1104–1105. Then, after the defendant has established actual prejudice, the state must produce evidence of a justifiable reason for the delay. *Id.* at 158, 15 OBR at 303, 472 N.E.2d at 1105. "[T]he prejudice suffered by the defendant must be viewed in light of the state's reason for the delay." *Id.* at 154, 15 OBR at 299, 472 N.E.2d at 1102, citing *Lovasco,* 431 U.S. at 789–790, 97 S.Ct. at 2048–2049, 52 L.Ed.2d at 758–759. This court has not disturbed the test utilized in *Luck,* and it is well-settled law in Ohio courts.[1]

---

1. See, *e.g., State v. Ellis* (May 30, 1997), Montgomery App. No. 15963, unreported, 1997 WL 282313; *State v. Davis* (Apr. 15, 1997), Richland App. No. 96–CA–78, unreported, 1997 WL 219180; *State v. Glazer* (1996), 111 Ohio App.3d 769, 677 N.E.2d 368; *State v. Doksa* (1996), 113 Ohio App.3d 277, 680 N.E.2d 1043; *State v. Stickney* (Dec. 7, 1994), Montgomery App. No. CA 14232, unreported, 1994 WL 680159; *State v. Burrell* (Apr. 28, 1989), Portage App. No. 1948, unreported, 1989 WL 42980; *State v. Smith* (Feb. 19, 1985), Franklin App. No. 84AP–785, unreported, 1985 WL 9873.

Despite the teachings of *Luck*, the state did not present any evidence at the hearing of a justifiable reason for its delay in indicting Whiting. In its posthearing memorandum, the state argued, against established law, that Whiting had the burden to explain the delay. It was at that point that the trial court should have dismissed the indictment because it found, in accordance with *Luck*, that Whiting had demonstrated actual substantial prejudice. With that finding and with no evidence from the state explaining the delay, the defendant was entitled to a dismissal. Because the court eventually properly dismissed the indictment, albeit after a mistrial, that dismissal should be affirmed.

The state persuaded the court of appeals, however, that the initial erroneous ruling by the trial court regarding the burden of going forward misled the state in the succeeding proceedings and that the trial court's judgment therefore should be reversed and the case remanded for a new hearing. But since the state's misstep on the production of evidence occurred *before* the trial court expressed its view that the state had no burden of going forward, the state may not claim to have been misled by the court's erroneous ruling. The state rested at the hearing without offering the evidence required by *Luck* to counterbalance defendant's showing of prejudice resulting from the delay.

Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's dismissal of Whiting's indictment.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.